**STATE of Minnesota, Appellant,**

v.

**Elizabeth Cheryl KANZENBACH,
Respondent.**

**No. 81–625.**

Supreme Court of Minnesota.

Sept. 15, 1981.

Warren Spannaus, Atty. Gen., St. Paul, R. Scott Hill, County Atty., Faribault, for appellant.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is a sentencing appeal by the state pursuant to Minn.Stat. § 244.11 (1980). Defendant was charged with three counts of felony theft over $2,500, count I covering the period June 1, 1979, to November 30, 1979, count II covering December 1, 1979, to May 31, 1980, and count III covering June 1, 1980, through September 30, 1980. Pursuant to a plea agreement defendant pled guilty to count I and the trial court dismissed counts II and III. The trial court, following the "presumptive sentence" established by the Sentencing Guidelines, sentenced defendant to 1 year and 1 day in prison but stayed execution and placed de-

fendant on probation for 10 years with probation conditioned on (a) defendant's spending 1 year in the workhouse, all but 90 days suspended, (b) defendant's making restitution, and (c) defendant's reimbursing the county for the cost of her legal representation. The state, which agreed that a term of 1 year and 1 day was appropriate, unsuccessfully sought execution of sentence, arguing that departure was justified under II.D.2.b.(4). On appeal, the state argues that the trial court improperly based its refusal to depart on the fact that defendant has four minor children, who require care from defendant.

Although Minn.Stat. § 244.11 (1980) gives the state the right to appeal sentences, this right does not apply to sentences for crimes committed before May 1, 1980. Accordingly, the appeal must be dismissed because the state has no right to appeal sentences in the absence of the statute. We note, however, that the trial court did not expressly state that defendant's parenthood motivated its refusal to depart; rather, the court stated that this motivated its decision to shorten the amount of probationary jail time to 90 days. Therefore, even if the appeal were proper, we would not be required to decide the issue raised by the state.

Appeal dismissed.